UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR08-082-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| DAIMA ANDERSON-ROSS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>Offense charged</u>:   Conspiracy to Distribute Cocaine and Crack Cocaine; Distribution of Crack Cocaine

<u>Date of Detention Hearing</u>:   March 25, 2008

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

1.   Defendant has been charged with a drug offense the maximum penalty of which

01 is in excess of ten years.  There is therefore a rebuttable presumption against defendant as to both
02 dangerousness and flight risk, under 18 U.S.C. §3142(e).

03     2.    Defendant's criminal history includes a prior VUCSA charge which, if alleged,
04 would raise the potential mandatory minimum sentence for this charge to 20 years to life.
05 Defendant's husband is a co-defendant.  The AUSA proffers that, when arrested, defendant
06 attempted to elude arrest although the defendant disputes this.  The AUSA proffers evidence that
07 in wiretaps of phone calls between this defendant and Nicola Kilcup, a co-defendant, this
08 defendant indicated her belief that law enforcement was about to shut down the drug trafficking
09 operation for which she is charged and discussed her plans to flee to Las Vegas.  The phone calls
10 are also alleged to have included discussions of the robbery of their Mexican drug suppliers, which
11 is alleged to have occurred at her residence.  A large quantity of powder and crack cocaine was
12 taken from her bedroom, as well as two firearms and ammunition, during a search following her
13 arrest.

14     3.    Defendant's criminal record includes two prior failures to appear and minimal
15 employment history.

16     4.    Taken as a whole, the record does not effectively rebut the presumption that no
17 condition or combination of conditions will reasonably assure the appearance of the defendant as
18 required and the safety of the community.

19 It is therefore ORDERED:

20     (1)   Defendant shall be detained pending trial and committed to the custody of the
21         Attorney General for confinement in a correction facility separate, to the extent
22         practicable, from persons awaiting or serving sentences or being held in custody

DETENTION ORDER                                   15.13
18 U.S.C. § 3142(i)                              Rev. 1/91
PAGE 2

pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 26th day of March, 2008.

Mary Alice Theiler
United States Magistrate Judge